UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRIDAY S., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, <br> Commissioner of Social Security,[1] <br><br> Defendant. | CASE NO. C19-5022-RSM-MAT <br><br> REPORT AND RECOMMENDATION RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends that this matter be AFFIRMED.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1962.[2] She graduated from high school and has some college

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is substituted for Nancy A. Berryhill as defendant in this suit.

[2] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 1

education, and previously worked as a manufacturing buyer. (AR 44, 204.)

Plaintiff filed an application for DIB in June 2016, alleging disability beginning April 10, 2016. (AR 150-51.) Her application was denied at the initial level and on reconsideration, and she timely requested a hearing. (AR 86-88, 90-92, 96-97.)

On October 23, 2017, ALJ Malcolm Ross held a hearing, taking testimony from Plaintiff and a vocational expert (VE). (AR 32-62.) On February 28, 2018, the ALJ issued a decision finding Plaintiff not disabled. (AR 15-27.)

Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on November 14, 2018 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff now appeals that decision to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not worked since the alleged onset date. (AR 17.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe Plaintiff's seronegative rheumatoid arthritis, polyarticular arthralgia, and left shoulder abnormality. (AR 17-18.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment. (AR 18-19.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant demonstrated

an inability to perform past relevant work.  The ALJ found Plaintiff able to perform light work as defined in 20 C.F.R. § 404.1567(b), with additional limitations: she cannot climb ladders, ropes, or scaffolds.  She can frequently stoop, kneel, and crouch.  She can occasionally climb ramps and stairs, and crawl.  She can occasionally reach overhead with the left, non-dominant arm, and can frequently handle and finger.  She can tolerate occasional exposure to extreme cold, heat, vibrations, and hazards such as heights and machinery.  (AR 19.)  With that assessment, the ALJ found Plaintiff able to perform her past relevant work as a buyer (purchaser).  (AR 25.)

The ALJ also proceeded in the alternative to step five of the sequential evaluation, where the burden shifts to the Commissioner to demonstrate that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy.  With the assistance of the VE, the ALJ found Plaintiff capable of performing other jobs, such as sales promotion representative, administrative clerk, general clerk, industrial order clerk, order clerk, and procurement clerk.  (AR 26-27.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in discounting opinions from treating and examining physicians, and in crediting State agency opinions.  Dkt. 10 at 1.  She asks that the ALJ's decision

be reversed and her claim remanded for an award of benefits or, in the alternative, for further proceedings. The Commissioner argues the ALJ's decision is supported by substantial evidence and should be affirmed.

### Medical Opinion Evidence

In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "'clear and convincing'" reasons. *Id.* (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id.* at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ may reject physicians' opinions "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes*, 881 F.2d at 751). Rather than merely stating her conclusions, the ALJ "must set forth [her] own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

Non-examining State agency medical and psychological consultants are highly qualified and experts in the evaluation of Social Security disability claims and, while not binding, their opinions must be considered. 20 C.F.R. §§ 404.1513a(b)(1), 416.913(b)(1). "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Lester*, 81 F.3d at 831 (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990) and *Gallant v. Heckler,* 753 F.2d

1450, 1456 (9th Cir. 1984)).  However, "the report of a nonexamining, nontreating physician need not be discounted when it 'is not contradicted by *all other evidence* in the record.'" *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (quoting *Magallanes*, 881 F.2d at 752 (emphasis in original)).

A.      Zhiqian Wang, M.D.

Dr. Wang, Plaintiff's treating rheumatologist, completed a form opinion in August 2017, rating Plaintiff's limitations as to manipulative activities, standing/walking, and absenteeism.  (AR 276-77.)  Dr. Wang wrote that Plaintiff's arthritis was not controlled and caused flares of pain and swelling of multiple joints, where dysfunction and absenteeism would be "typical."  (AR 277.)

The ALJ gave very little weight to this opinion, finding it inconsistent with evidence showing a lack of joint swelling on examination, and noting that Dr. Wang's opinion as to "typical" limitations does not specifically reflect *Plaintiff's* limitations.[3]  (AR 24.)  Plaintiff contends that these reasons are not legitimate because they are factually inaccurate.  Plaintiff does not, however, identify any objective evidence documenting joint swelling.  Dr. Liu specifically found no swelling in Plaintiff's hand joints or any other joint.  (AR 254-55.)  Dr. Wang repeatedly referenced no joint swelling during examinations since the alleged onset date.  (AR 327, 333, 338.)  Plaintiff cites her own self-report that she experienced joint swelling (Dkt. 10 at 3, Dkt. 15 at 1-2), but the ALJ discounted Plaintiff's self-report and Plaintiff has not challenged that finding, and therefore her

---

[3] Plaintiff interprets Dr. Wang's reference to "typical" limitations to refer to limitations that are typical for *her*, contrary to the ALJ's interpretation.  *See* Dkt. 10 at 4.  The Court notes that the Commissioner does not specifically defend this line of reasoning. Dkt. 14.  Even if the ALJ's interpretation is unreasonable, the ALJ's primary reasoning regarding the conflict between Dr. Wang's opinion and the lack of objective evidence of joint swelling is sufficient to support the ALJ's assessment of Dr. Wang's opinion and renders harmless the erroneous reasoning.  *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 5

own statements do not constitute credible evidence. Furthermore, Plaintiff's claims of joint swelling at various times do not amount to the objective evidence that the ALJ found lacking, and the ALJ did not err in considering whether objective evidence supported Dr. Wang's opinion that Plaintiff was limited by joint swelling. *See Thomas*, 278 F.3d at 957 ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."). Given the lack of clinical findings describing joint swelling during the adjudicated period, the ALJ did not err in discounting Dr. Wang's opinion as inconsistent with the record. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (inconsistency with the record properly considered by ALJ in rejection of physician's opinions).

B.   <u>Beth Liu, M.D.</u>

Dr. Liu examined Plaintiff in August 2016 and wrote a narrative report describing her symptoms and limitations, opining that she was limited to *inter alia* occasional use of her hands "for some hand activities due to hand joint pain and left shoulder pain." (AR 253-57.) The ALJ interpreted "hand activities" to mean fingering and handling, and gave "mixed weight" to this portion of Dr. Liu's opinion. (AR 23-24.) As reasons to discount Dr. Liu's opinion regarding Plaintiff's ability to use her hands, the ALJ cited (1) "the essentially benign hand and finger findings on exam with Dr. Liu" as evidenced by Plaintiff's lack of hand swelling, only slightly decreased grip strength, and normal neurological findings; (2) the lack of clinical findings regarding thumb function because Plaintiff's thumb was immobilized post-surgery at the time of the examination; and (3) Plaintiff's ability to touch her thumb to each fingertip bilaterally, make a fist, button and unbutton, zip and unzip, pick up coins, and grasp/manipulate objects. (AR 23-24.)

The Commissioner concedes that Plaintiff did not have thumb surgery, and thus the ALJ's second reason is erroneous, but argues that this error is harmless because the ALJ's other reasons

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 6

are valid. The Court now turns to consider whether the ALJ provided legally sufficient reasons to discount Dr. Liu's opinion regarding Plaintiff's manipulative limitations.

As to the ALJ's first reason, Plaintiff disputes that Dr. Liu's findings are "essentially benign," citing Dr. Liu's reference to decreased range of motion and pain with movement. Dkt. 10 at 5. The ALJ himself acknowledged those findings, but emphasized that Plaintiff's pain and decreased range of motion did not prevent her from engaging in many manipulative activities, nor did it cause swelling or significant grip strength reduction. (AR 23-24.) The ALJ also pointed to the normal neurological examination. (*See* AR 255 ("The neurological exam finding is unremarkable.").) The ALJ's characterization of Dr. Liu's findings as "essentially benign" is reasonable in light of the mild functional limitations and minimal objective findings documented during the examination, even if Plaintiff posits another interpretation of the evidence. *See Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."). The ALJ did not err in discounting Dr. Liu's opinion as unsupported by clinical findings and inconsistent with her own examination. *See Thomas*, 278 F.3d at 957 ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.").

C.  <u>State agency opinions</u>

Plaintiff contends that the ALJ erred in crediting the State agency opinions because they were rendered without access to the entire record before the ALJ. Dkt. 10 at 6-7. But the ALJ considered the State agency opinions in light of the entire record before him and found that the State agency opinions were consistent with the limitations established by that record. (AR 24.) That the State agency opinions were written before the record was complete does not render them

devoid of probative value, because the ALJ thoroughly discussed objective medical evidence consistent with the State agency opinions. (AR 20-22, 24.) Because Plaintiff has not shown that the State agency opinions were inconsistent with all of the other medical evidence in the record, she has failed to meet her burden to show error in the ALJ's assessment of the State agency opinions. *See Andrews*, 53 F.3d at 1041 (holding that "the report of a nonexamining, nontreating physician need not be discounted when it 'is not contradicted by *all other evidence* in the record.'" (quoting *Magallanes*, 881 F.2d at 752 (emphasis in original))).

## CONCLUSION

For the reasons set forth above, the Court recommends this matter should be AFFIRMED.

## DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 11, 2019**.

DATED this 23rd day of September, 2019.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION RE:
SOCIAL SECURITY DISABILITY APPEAL
PAGE - 8